UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:22-mj-30506 |
| Plaintiff, | Hon. Curtis Ivy, Jr. |
| | U.S. Magistrate Judge |
| v. | |
| NEIL MATTHEW WALTER, | |
| Defendant. | |

**Stipulation and Order for a Psychiatric or Psychological Examination to Determine Defendant's Competency for Further Proceedings and to Determine Insanity at the Time of the Offense**

On November 22, 2022, Neil Matthew Walter was charged in a criminal complaint with transmitting in interstate commerce communications containing a threat to injure the person of another. That day, he had an initial appearance at which the government moved for pretrial detention. The court appointed Attorney Bryan Sherer from the Federal Community Defender Office to represent Walter at the initial appearance, and Walter and his family told Mr. Sherer of their intent to retain an attorney. In light of their desire to retain counsel, Mr. Sherer asked that the detention hearing be scheduled for December 1, 2022, to allow retained counsel to prepare for the hearing.

At the beginning of the detention hearing on December 1, 2022, the parties jointly requested an examination to determine competency under 18 U.S.C. §

1

4241(a), and the defendant consented to pretrial detention. The government noted that Mr. Walter had auditory hallucinations and that he told law enforcement that he was "metaphysically bonded" to victims being "raped" by the United States government. Defense counsel Michael Manley agreed that a competency evaluation was necessary to order to proceed with the case.

Defense counsel has also filed a notice, pursuant to Federal Rule of Criminal Procedure 12.2, of the defendant's intent to rely on the defense of insanity.

The parties stipulate and agree that a preliminary hearing should be set after the court makes a final determination regarding the defendant's competence to stand trial.

The parties stipulate and agree that the amount of time between the oral motion on December 1, 2022, and a final determination regarding Mr. Walter's competence to stand trial shall be excluded under the Speedy Trial Act pursuant to the term of 18 U.S.C. § 3161(h)(1)(A). If the court determines that Mr. Walter is mentally incompetent to stand trial, the parties agree that the amount of time during which he is incompetent shall be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(4).

Additionally, the parties agree the time period from the oral motion for competency, until such time that a final order is made with respect to Mr. Walter's competency shall be excluded under the Speedy Trial Act pursuant to the term of

18 U.S.C. § 3142 (h)(7)(A), because considering the factors 18 U.S.C. § 3142(h)(7)(B), ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial.

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/JULES DEPORRE | s/with consent MICHAEL MANLEY |
| Assistant U.S. Attorney | Attorney for Defendant |
| 600 Church Street | 503 S. Saginaw Street, Suite 1434 |
| Flint, MI 48502 | Flint, MI 48502 |
| Telephone number: (810) 766-5026 | Telephone: (810) 238-0500 |
| Email: Jules.DePorre@usdoj.gov | Email: Mike@manley.law |
| P73999 | |

**IT IS THEREFORE ORDERED:**

Based on the information above and presented on the record in open court on December 1, 2022, and pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the Court hereby orders:

1. That a licensed or certified psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of the defendant, see id. §§ 4241(a),(b), 4247(b);

2. That defendant remain committed to the custody of the Attorney General for such psychiatric or psychological examination for a reasonable time, not to exceed 30 days, at a suitable facility that is located closest to the Court for the Eastern District of Michigan, unless that is impractical; see id. § 4247(b);

3. That after the defendant is designated to a suitable facility for the examination, the United States Marshal's Service shall promptly and expeditiously transport the defendant to the suitable facility, and that the United States Marshal's Service must do so as quickly and reasonably as possible so as to minimize the period during which defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted;

4. That the examining psychiatrist or psychologist shall prepare and submit, as soon as practical, a written report to the Court, with copies provided to counsel for defendant and the government, that includes:

(a) defendant's history and present symptoms, if any;

(b) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) the name of the examiner and his/her findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis;

(d) a determination as to whether defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and,

(e) a determination as to whether the defendant was insane at the time of the offense.

5. That the examiner promptly submit the written report with this Court and provide copies of the report to defense counsel and the attorney for the government so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine defendant's competency to stand trial;

6. That the period beginning on December 1, 2022, and ending with the conclusion of the competency hearing, see id. §§ 4241(c), 4247(d), which will take place after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F); that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of thirty (30) days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H); and that the period beginning on December 1, 2022, and ending with a final order with respect to defendant's competency be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. § 3142 (h)(7)(A), because considering the factors 18 U.S.C. § 3142(h)(7)(B), ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. If the court determines that the defendant should be hospitalized for treatment in a suitable facility, the parties agree that the amount of time during which the defendant is hospitalized for

treatment shall be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(4); and,

7. The preliminary hearing will be set after the court makes a final determination regarding the defendant's competency to proceed.

    **IT IS SO ORDERED**.

Date: December 1, 2022                      s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.,
                                                    United States Magistrate Judge