UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                        Plaintiff,<br>v.<br><br>NEIL MATTHEW WALTER,<br>                        Defendant.<br>_____/ | Case No.: 4:22-mj-30506<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON COMPETENCY OF DEFENDANT TO STAND TRIAL**

**I.      Introduction**

On November 22, 2022, Walter was charged in a criminal complaint with interstate communications containing a threat to injure the person of another in violation of Title 18, United States Code, Section 875(c).  Pursuant to a stipulation, the parties sought a psychiatric or psychological examination of Walter pursuant to Fed. R. Crim. P. 12.2(c)(1) to determine his competency for further proceedings and to determine insanity at the time of the offense.  ECF No. 14.  In support of the motion, the parties relied on the fact that "Mr. Walter had auditory hallucinations and that he told law enforcement that he was 'metaphysically bonded' to victims being 'raped' by the United States government."  *Id*.  The order attached to the stipulation was entered.  *Id*.  The court ordered that the examiner conduct a psychological examination of Walter, prepare a written report and file the written report with the court.

On March 23, 2023, Dr. Alicia Gilbert, Ph.D., submitted a forensic report in which she opined that Walter appeared to be experiencing a mental illness severe enough to interfere with his ability to participate in the legal proceedings against him and/or work with an attorney.

A competency hearing was held on April 27, 2023. Dr. Gilbert's report was admitted without objection. The Court finds that the findings in the report related to Walter being not competent to stand trial were supported.

## II.    Competency Standards

18 U.S.C. § 4241(c) provides that a "hearing shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." Although the statute appears to place the burden on the defendant, the Circuit Courts are in disagreement as to which party bears the burden. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (Table) ("The government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial"); *United States v. Teague*, 956 F.2d 1427, 1431, n. 10 (7th

Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *Brown v. Warden, Great Meadow Corr. Facility*, 682 F.2d 348, 352 (2d Cir. 1982); *United States v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977); and *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976) ("There can be no question that in federal criminal cases the government bears the burden of proving defendant competent to stand trial…"), *with United States v. Robison*, 404 F.3d 850, 856 (4th Cir. 2005) ("Under federal law the defendant has the burden, by a preponderance of the evidence [to show] that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent. . . ."); and *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006). The proof here is not disputed. Thus, the Court need not address the burden allocation question.

**III. Analysis and Conclusions**

Without objection about the admissibility and substance of the Report, the only proof is the expert analysis of Dr. Gilbert ("the Doctor"). The Report is a thorough and comprehensive assessment of Walter's mental and psychiatric condition.

The Doctor considered Walter's development and relationship history, education, employment, substance use, and significant mental health histories as well as his medical health and criminal histories. (Report, pages 1-9.) Behavioral observations were made that indicate that Walter believes "the FBI, CIA, and

3

members of Congress are involved in this sex trafficking conspiracy that is taking place under the Capitol Building in Washington D.C." (Report, page 10). Walter further conveyed he "reportedly experiences voices, downloads, and 'skits' being inserted into his mind via 5G radio." (Report, page 10). And Walter stated he "communicates with the military and other groups via the 'same way' with the 'skits.' This is how he was allegedly able to know that it was 47 degrees in his cell. Although he claimed to be able to "gage" [sic] the temperature in the environment, he also stated that the military confirmed the temperature for him through communication via the skits. (Report, page 10).

The Doctor diagnosed Walter with Schizophrenia, Continuous. (Report, page 11.) The Doctor concluded that Walter "is currently displaying symptoms associated with a psychotic disorder." (Report, page 11). When asked about the charges, Walter "expressed a detailed delusional belief system regarding an underground sex trafficking ring that kidnaps and imprisons women." (Report, page 11). "He is aware of the trafficking ring because he is 'bonded' to several women being trafficked and has experienced the 'rape schedule' by proxy. (Report, page 11). Walter further explained that due to their bond, "he reportedly feels their 'fight or flight' responses, rapid heartbeat, and the act of rape." (Report, page 11).

4

According to the report, Walter has a reported history of depression, anxiety, PTSD, odd sleeping behaviors, and panic attacks beginning in his teens and early twenties. (Report, page 11). The Doctor opined perhaps Walter "demonstrated earlier signs of schizophrenia, but he is unable to recognize or describe them well enough due to his current mental illness and lack of insight." (Report, page 11). The report further reflected Walter has no insight into his current mental illness, and is unwilling to consider medication treatment. (Report, page 11).

The Doctor therefore concluded that "Walter is suffering from a psychotic disorder. He is currently experiencing delusional beliefs, auditory hallucinations, perseveration, tangential speech, anxiety, irritability, and paranoia. In addition, he wants to represent himself using Sovereign Citizen defense strategies. For this reason, Mr. Walter appears to be experiencing a mental illness severe enough to interfere with his ability to participate in the legal proceedings against him and/or work with an attorney." (Report, page 13).

The Court finds that the Doctor accurately applied the standards codified in 18 U.S.C. § 4241(a) to determine that Walter is not competent, and that the findings should be adopted. The Court thus finds by a preponderance of the evidence that Walter is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in

his defense. 18 U.S.C. § 4241(d). Therefore, the Court shall commit Walter to the custody of the Attorney General. The Attorney General shall hospitalize the defendant in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and (2) for an additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier. *Id.*

When the director of the facility in which defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of § 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the

proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. 18 U.S.C. § 4241(e).

## IV.  Review

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72 and E.D. Mich. LR 72.1(d).

Date:  April 27, 2023                           /s Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge